# THE DISTRICT COURT OF GUAM

R.C.,

    Plaintiff,

vs.

GOVERNMENT OF GUAM; DENNIS MARK ZERMENO, an individual; DOES ENTITIES 1-5; and DOES-INDIVIDUALS 6-50, inclusive,

    Defendants.

CIVIL CASE NO. 22-00003

**DECISION & ORDER
RE: MOTION TO DISMISS**

Before the court is Defendant Government of Guam's ("GovGuam") Motion to Dismiss Plaintiff's Complaint per Federal Rules of Civil Procedure 8, 9, 12(b)(1) and 12(b)(6). Mot., ECF No. 7 ("Motion"). For the reasons stated herein, GovGuam's Motion to Dismiss is **GRANTED IN PART**.

## I. Factual and Procedural Background

On February 14, 2022, Plaintiff R.C. initiated this action by filing a Complaint. Compl., ECF No. 1. On February 23, 2022, Plaintiff filed the operative Amended Complaint. Am. Compl., ECF No. 5. Therein, Plaintiff asserted seven causes of action: two counts of Child Sexual Abuse (Counts 1 and 2); Negligence (Count 3); Negligent Supervision (Count 4);

1

Negligent Hiring and Retention (Count 5); Breach of Fiduciary Duty/Confidential Relationship (Count 6); and Deprivation of Federal Civil Rights (Count 7). *Id.* Notably, the Amended Complaint invokes this court's jurisdiction through both diversity and federal subject matter jurisdiction. *Id.* ¶ 2.

On March 18, 2022, GovGuam filed the instant Motion. Mot., ECF No. 7. On April 6, 2022, Plaintiff filed his Opposition to GovGuam's Motion to Dismiss. Opp'n, ECF No. 9. GovGuam filed its Reply on April 20, 2022. Reply, ECF No. 13.

## II. Discussion

GovGuam's Motion sets forth four arguments: (a) the court lacks subject matter jurisdiction over Counts II through VI; (b) Plaintiff fails to state claims capable of relief for Counts II through VII; (c) Plaintiff is not entitled to the damages he seeks; and (d) involuntary dismissal under Federal Rule of Civil procedure 41(b) is appropriate. The court addresses only the first two arguments.

### a. Lack of Subject Matter Jurisdiction – 12(b)(1)

GovGuam moves to dismiss Counts II through VI for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, GovGuam argues that the court lacks subject matter jurisdiction because (i) GovGuam has not waived its sovereign immunity for intentional torts, discretionary conduct, or Plaintiff's failure to exhaust administrative remedies; (ii) there is no federal question or diversity jurisdiction; and (iii) the statute of limitations has passed. Mot. at 9, ECF No. 7.

#### i. Sovereign Immunity

Generally, subject matter jurisdiction refers to the court's statutory or constitutional power to adjudicate a case. *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015). "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle

for invoking sovereign immunity from suit." *Id.* at 1111. In the context of a Rule 12(b)(1) motion to dismiss on the basis of sovereign immunity, "the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit." *Id.* (internal citations and quotations omitted).

The Organic Act of Guam vested the Government of Guam with sovereign immunity. *See* 48 U.S.C. § 1421a (stating that the Government of Guam may be sued "with the consent of the legislature evidenced by enacted law"); *see also Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989) ("controlling authority and the legislative history of the Organic Act compel our holding that the government of Guam has inherent sovereign immunity.").

However, sovereign immunity is not absolute and may be waived. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense. Bd.*, 527 U.S. 666, 670 (1999). Waiver will generally exist where the state or agency either voluntarily invokes the court's jurisdiction or makes a clear declaration that it intends to submit itself to jurisdiction. *Id.* at 675-76. In other words, waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Ramsey v. Muna*, 849 F.3d 858, 860-61 (9th Cir. 2017) (citing to *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)).

"Under the Organic Act, a waiver of immunity must be in the form of duly enacted legislation." *Sumitomo Constr. Co., Ltd v. Gov't of Guam*, 2001 Guam 23 ¶ 24. "The Guam Legislature is the sole body tasked with defining the scope of the government's immunity, and can broaden or restrict the government's amenability to suit and ultimate liability." *Id.* Guam's Legislature has chosen, by way of 5 Guam Code Ann. § 6101 *et seq*. ("Government Claims Act"), to grant a limited waiver of sovereign immunity subject to numerous conditions. One of those conditions requires filing a claim "within 18 months from the date the claim arose." 5

3

Guam Code Ann. § 6106(a).

Here, GovGuam argues that because sovereign immunity is only waived for administrative claims lodged with an 18-month period, Plaintiff's claim, filed in 2022 concerning events that occurred in 1981, is untimely. Mot. at 16, ECF No. 7. Conversely, Plaintiff argues that because 7 Guam Code Ann. § 11301.1 ("No Limit for Child Sex Abuse statute") permits a minor's sex abuse claim to be commenced "at any time," his administrative claim filed outside the 18-month period is not time barred. Opp'n at 18, ECF No. 11.

Plaintiff argues that this court's recent decision in a nearly-identical case should not apply to the instant case.[1] In *S.C. v. Gov't of Guam*, this court held that the Government Claims Act's 18-month limitation to file administrative claims against GovGuam prohibited untimely claims despite the No Limit on Child Sex Abuse statute permitting a claim to be filed "at any time." CIVIL CASE NO. 21-00015, 2022 WL 892081, at *2-3 (D. Guam Mar. 25, 2022). There, the plaintiff filed a claim in 2020 for claims that arose in 1998. *Id.* at *2. The court first found that the plaintiff failed to establish a *prima facie* case that he filed an administrative claim under the Government Claims Act within 18 months from the date of the alleged abuse. *Id*. Second, and again at issue here, the court found that the plaintiff failed to establish that Guam's Legislature *unequivocally expressed* GovGuam's consent to be sued in the absence of a timely administrative claim. *Id.* The court reasoned that because there are two conflicting and equally reasonable constructions of these statutes, it was prohibited from finding a waiver of sovereign immunity. *Id.* at *3. Therefore, the court held that Guam's Legislature did not unequivocally express GovGuam's consent to be sued for claims arising more than 18-month ago. *Id.*

---

[1] The court notes that the following similarities exist between the two cases: (1) both plaintiffs allege harm that arose more than 18-months prior to the filing of the administrative claims; (2) both complaints allege the same exact counts against GovGuam, a named defendant, and Doe defendants; and (3) both complaints contain numerous identical paragraphs, in relevant part those concerning jurisdiction (¶ 2) and the defendants for Count VII (¶ 80). *Compare* Am. Compl., ECF No. 5 *with* Compl., ECF No. 1 in *S.C. v. Gov't of Guam*, CIVIL CASE NO. 21-00015, 2022 WL 892081 (D. Guam Mar. 25, 2022).

4

Specifically, the No Limit on Child Sexual Abuse statute permits "*[a]ny* claims arising from an incident of child sexual abuse [to be commenced] … at *any* time." 7 Guam Code Ann. § 11301.1(a) (emphasis added). Conversely, the Government Claims Act requires that "*[a]ll* claims under this Act must be filed *within 18 months* from the date the claim arose." 5 Guam Code Ann. § 6106(a) (emphasis added). The court found that both the plaintiff and GovGuam argued reasonable constructions concerning the interaction of these two statutes. Plaintiff's argument, that it would be inapposite for the No Limit for Child Sex Abuse statute to retroactively apply to statutes of limitations for filing lawsuits but not for filing pre-suit government claims, was supported by the plain language of the statute. *S.C. v. Gov't of Guam*, 2022 WL 892081, at *3. Conversely, GovGuam's argument, that the absence of explicit language in the Child Sex Abuse statute waiving the timely filing requirement under the Government Claims Act is dispositive, was supported by precedent stating that sovereign immunity is "waived only with 'the most express language.'" *Id.* (citing *Ramsey*, 849 F.3d at 860-61). The court found both of these constructions to be equally reasonable. *Id.* Because waiver may only be found where there is "no room for any other reasonable construction," the court found that it was prohibited from finding a waiver of sovereign immunity. *Id.* (citing *Ramsey*, 849 F.3d at 861).

Plaintiff now introduces additional exhibits to support his position that Guam's Legislature waived GovGuam's sovereign immunity as it pertains to the No Limit for Child Sex Abuse statute. These exhibits, while indicative of Guam's Legislature's intent to liberally expand avenues for victims of child sexual abuse, nevertheless fail to *unequivocally express* GovGuam's consent to be sued in the absence of a timely administrative claim.[2] In an attempt to circumvent

---

[2] The court notes that it would find that Guam's Legislature "unequivocally expressed" GovGuam's consent to suit in two scenarios. First, if the Child Sex Abuse statute explicitly stated that a timely, pre-suit administrative claim against GovGuam is waived, or second, if the Government Claims Act was amended to include an exception for the

5

*Ramsey*'s requirement that waiver of sovereign immunity be made with the "most express language," Plaintiff argues that the Child Sex Abuse statute's more recent enactment "amend[s] the Claims Act by implication." Opp'n at 17, ECF No. 9. The court rejects expanding the waiver of sovereign immunity to include implied, as opposed to unequivocally expressed, consent to be sued. The court still finds that there are two reasonable constructions concerning the interaction of the Government Claims Act and the No Limit on Child Sexual Abuse statute. And because there is still "room for any other reasonable construction," the court is again prohibited from finding that GovGuam waived sovereign immunity and consented to being sued despite Plaintiff's untimely administrative claim. *See Ramsey*, 849 F.3d at 860-61. As a result, the court finds that it does not have subject matter jurisdiction over GovGuam. The court therefore **GRANTS** GovGuam's Motion to Dismiss Counts II through VI against GovGuam.

Moreover, because the court finds that it lacks subject matter jurisdiction by virtue of GovGuam's sovereign immunity, the court does not address the parties' arguments concerning intentional torts, discretionary conduct, federal question jurisdiction, diversity jurisdiction, or the statute of limitations.

### b. Failure to State a Claim – 12(b)(6)

GovGuam also moves to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 8, 9 and 12(b)(6). Specifically, GovGuam argues that (i) Plaintiff fails to plead sufficient facts in Counts II through VI to support his claims, and (ii) Plaintiff fails to state a claim in Count VII capable of relief under 42 U.S.C. § 1983. Mot. at 9-10, ECF No. 7. Because the court has already determined that it does not have subject matter jurisdiction over Counts II through VI, the court only addresses item (ii), which pertains to Count VII, relief under 42 U.S.C. § 1983.

---

Child Sex Abuse statute.

Count VII is addressed "Against Individual Defendant Leon Guerrero and DOES 5-60." Am. Compl. at 17, ECF No. 5. Notably absent is GovGuam. While Plaintiff alleges that GovGuam is the employer of individual Defendant Dennis Mark Zermeno and is a "proper entity to be sued under 42 U.S.C. § 1983," *id.* ¶ 9, Plaintiff also explicitly states that "Defendant GovGuam is not a part of this Seventh Cause of Action." *Id.* ¶ 80.

The court cannot locate, nor does GovGuam cite, any authority that permits one defendant to move to dismiss a claim that is not against that defendant but rather is against only other co-defendants. Therefore, the court **DENIES** GovGuam's Motion to Dismiss Count VII against GovGuam.

### c. Leave to Amend

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). But where, as here, "the bar of sovereign immunity is absolute," dismissal with prejudice is permitted. *Id*. The court therefore dismisses Counts II through VI against GovGuam **WITH PREJUDICE**.

## III. Conclusion

The court finds that Plaintiff has failed to sufficiently establish the court's subject matter jurisdiction, and therefore **GRANTS IN PART** GovGuam's Motion to Dismiss and **ORDERS** dismissal of Counts II through VI against GovGuam **WITH PREJUDICE**. Furthermore, the court finds Plaintiff did not allege that GovGuam violated 42 U.S.C. § 1983 in Count VII, and therefore **DENIES** GovGuam's Motion to Dismiss Count VII.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jun 17, 2022**

7

Case 1:22-cv-00003   Document 27   Filed 06/17/22   Page 7 of 7