**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| R.C., <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS M. ZERMENO, an individual; DOES ENTITIES 1-5; and DOES-INDIVIDUALS 6-50, inclusive, <br><br> Defendants. | CIVIL CASE NO. 22-00003 <br><br> **ORDER DENYING AS MOOT DEFENDANT ZERMENO'S MOTION TO QUASH (ECF NO. 16)** |

Pending before the court is the Defendant Zermeno's Motion to Quash Service, *see* ECF No. 16. Plaintiff R.C. filed its Opposition on May 31, 2022. Zermeno's reply was due June 14, 2022, but none was filed. Upon reviewing the record before it and relevant case law, the court hereby issues this Order **DENYING AS MOOT** Zermeno's Motion to Quash.

**I. Background**

On February 14, 2022, Plaintiff R.C. initiated this action by filing a Complaint. Compl., ECF No. 1. On February 23, 2022, Plaintiff filed the operative Amended Complaint. Am. Compl., ECF No. 5. On February 24, 2022, the court issued summonses as to Defendant Zermeno, and now terminated Defendant Government of Guam. On April 12, 2022, Plaintiff filed the executed summons as to Zermeno, indicating that it had been served April 7, 2022, by Duane Jones. ECF No. 11. According to the affidavit by Process Server Jones, Zermeno was

served in person at his home in Morgan Hill, CA, and Zermeno confirmed his identity by saying yes when named. *Id.* at 3. Jones also included a description of Zermeno's physical appearance. *Id.*

On April 25, 2022, Zermeno filed a Motion to Quash Service by special appearance. Mot. ECF No. 16. Therein, Zermeno alleges that he was in fact not served on April 7, 2022, and that he was out of state in Florence, Oregon from March 30, 2022, to April 17, 2022, making the alleged service impossible. *Id.* at 2. Zermeno also alleges that when he returned to his home on April 17, 2022, he found a torn envelope and loose papers strewn across his lawn. Decl. Curtis Van de veld at 2, ECF No. 16-1; Decl. Dennis Zermeno at 2, ECF No 16-2. In support of these allegations, Zermeno supplied receipts of credit card transactions made during his alleged time in Oregon, ECF No. 16-1 at 8-10, and power usage summaries for his Morgan Hill, CA home from March 16, 2022, to April 16, 2022, ECF No. 16-2 at 3-5.

On May 31, 2022, Plaintiff filed his Opposition. Opp'n, ECF No. 22. Therein, Plaintiff provided additional information regarding the service on April 7, 2022, and informed the court of a second allegedly successful service of summons upon Zermeno by an alternate process server. *Id.* The second service would later be filed as on June 1, 2022, with service on May 25, 2022. Summons Returned Executed, ECF No. 25. Plaintiff's counsel filed a declaration in support of Plaintiff's Opposition including supporting documentation regarding both services of summons. Decl. Daniel Berman, ECF No. 23.

On June 15, 2022, Plaintiff filed a third Summons Returned Executed as to Zermeno, with service effected on May 31, 2022, by Duane Jones. ECF No. 26. According to Process Server Jones, Zermeno confirmed his identity by nodding when named. *Id.* at 2. Jones included a description of Zermeno's physical appearance similar to that contained in the first Summons Returned Executed. *Id.* Jones also alleged Zermeno was hostile and attempted to refuse service,

not stating a reason for refusal. *Id*.

The reply to Plaintiff's Opposition was due June 14, 2022,[1] but none has been filed. On June 27, 2022, Zermeno filed a motion with no relevance to the issues here. Mot. Dismiss Lack J., ECF No. 31.

## II. Legal Standard

The Ninth Circuit has held "that a signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Solutions for Bus., Inc.*, 509 F.2d 1161, 1163 (9th Cir.2007) citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993).

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

## III. Discussion

There have been three summonses returned executed as to Defendant Zermeno. ECF Nos. 11, 25, 26. The court analyzes each alleged service individually.

### 1. First Alleged Service

Plaintiff filed the first returned summons as to Zermeno on April 12, 2022, with service on April 7, 2022, and included an affidavit by Process Server Duane Jones. ECF No. 11. The Ninth Circuit has held "that a signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence." *Internet Solutions for Bus., Inc.*, 509 F.2d at 1163. Therefore, the first hurdle Zermeno must overcome to quash service

---

[1] *See* CVLR 7.1(f) ("a reply, if any, must be served and filed within fourteen (14) days of the filing of the opposition").

is this "strong and convincing" standard.

Zermeno alleges that he was not served on April 7, 2022, and that he could not have been served since he was in Florence, Oregon from March 30, 2022, to April 17, 2022. Mot. Quash at 2, ECF No. 16. In support of this allegation, Zermeno supplied receipts of credit card transactions made during his time in Oregon, Ex. E to Decl. Curtis Van de veld, ECF No. 16-1 at 8-10, and power usage summaries for his Morgan Hill, CA home from March 16, 2022, to April 16, 2022. Decl. Dennis Zermeno at 4-5, ECF No. 16-2. The court finds that this evidence, while certainly probative, does not strongly and convincingly prove that Zermeno was away from his home at the alleged time of service. While the credit card numbers on the receipts and Zermeno's credit card match, *see* Ex. E to Decl. Curtis Van de veld, ECF No. 16-1 at 8-10, they do not necessarily tie Zermeno's physical presence to the times and locations on the receipts. It is not improbable that a relation used Zermeno's card, or that a relation is a registered cardholder under the same credit card number. Additionally, it is not clear that the power usage summary is legitimate. *See* Decl. Dennis Zermeno at 3-5, ECF No. 16-2. The summary is not visibly on official letterhead or from an official web portal. *Id*. Also, Zermeno states "the power usage on April 7, 22 I typed in Red color," implying that the summary was edited by Zermeno, and possibly completely compiled by him and not his power company. *Id.* at 3.

Also, to strongly and convincingly prove invalid service, Zermeno's evidence competes with Plaintiff's evidence in support of valid service; specifically, the credibility of Process Server Duane Jones. Plaintiff states that he hired process service company "ABC Legal" on March 28, 2022. Opp'n at 2, ECF No. 22. Jones, who performed service, is an employee of ABC Legal. *See id.;* ECF No. 23. The Summons Returned Executed as to this service included an affidavit by Jones describing Zermeno's physical appearance at the time of service. ECF No. 11 at 3. This description is consistent with that in the affidavit included with the Summons Returned Executed

for the May 31, 2022 service, also performed by Jones. ECF No. 26. Zermeno has not disputed the validity of this May 31, 2022 service nor the attached affidavit. The Investigation Report supplied with Plaintiff's Opposition contains evidence that undermines Jones's credibility. Ex. 6 to Decl. Daniel Berman, ECF No. 23 at 17-23. Despite ABC Legal's "diligent effort (they were) unable to obtain a statement from (Jones) regarding the service" as of May 2, 2022. *Id*. at 19. This suggests that Jones may be unreliable. However, despite the credibility concerns of Jones, Zermeno's evidence fails to strongly and convincingly prove that he was not served on April 7, 2022. Furthermore, even if Zermeno could prove that he was not served on April 7, 2022, it would not be sufficient to quash service for the below reasons.

        **2. Second Alleged Service**

Plaintiff filed a second returned summons as to Zermeno on June 1, 2022, with service executed on May 25, 2022. ECF No. 25. Zermeno has not contested this service despite being given the opportunity. Service was executed before Plaintiff filed his Opposition on May 31, 2022, and was specifically referenced in Plaintiff's Opposition. Opp'n at 3, ECF No. 22. Zermeno has not filed a reply, nor has he contested this service in his Motion to Dismiss for Lack of Jurisdiction, filed on June 27, 2022. Mot. ECF No. 31. Therefore, the court finds the filed Summons Returned Executed to be *prima facie* evidence that Zermeno was served on May 25, 2022. *See Internet Solutions for Bus., Inc.,* 509 F.2d at 1163. Additionally, the May 25, 2022 service was performed on the ninetieth day after issuance of summons, within the ninety-day deadline established in Rule 4. Fed. R. Civ. P. 4(m). Therefore, the court finds the issue of quashing service to be moot. Furthermore, even if Zermeno did contest the second service and proved he was not served on April 7, 2022, the court would not quash service for the below reason.

///

### 3. Third Alleged Service

Plaintiff filed a third executed summons as to Zermeno on June 15, 2022, with service on May 31, 2022, including an affidavit by Process Server Duane Jones. ECF No. 26. Similar to the second alleged service, Zermeno has not contested this service despite being given the opportunity. Service was performed on the day Plaintiff filed his May 31, 2022 Opposition. Opp'n ECF No. 22. Zermeno has not filed a reply, nor has he contested this service in his June 27, 2022 Motion. Mot. ECF No. 31. Therefore, the court finds the filed return of summons to be *prima facie* evidence that Zermeno was served on May 31, 2022. *See Internet Solutions for Bus., Inc.,* 509 F.2d at 1163. Therefore, the issue is whether service was valid despite being six days past the ninety-day deadline established in Rule 4. Fed. R. Civ. P. 4(m). Rule 4 states "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The Ninth Circuit has held that "[b]ecause good cause is not defined in Rule 4, courts must determine whether good cause has been shown on a case by case basis." *Cartage Pacific, Inc. v. Waldner (In re Waldner),* 183 B.R. 879, 882 (9th Cir. BAP 1995). Here, if the first and second service were invalid, it would not be at any fault of Plaintiff. Plaintiff has made diligent efforts to serve Zermeno by hiring the first process service company on March 28, 2022, diligently investigating the first service when it was called into question and hiring the second process service company. *See* Opp'n at 3, ECF No. 22; Decl. Daniel Berman at 2-3, 5-23, ECF No. 23. Furthermore, Plaintiff's diligent action caused this third service to be performed a mere six days past the original ninety-day deadline. *Id.* at 15, 19. The court finds this to be good cause for failure to serve within the ninety-day deadline, and if required, would extend time for service at least six days as to make the third alleged service valid.

///

## IV. Conclusion

In summary, the court finds the second service on May 25, 2022, to be valid and uncontested, making the issue of quashing service moot. *See* Summons Returned Executed ECF No. 25. And even if the second service was not valid, Defendant Zermeno has not provided strong and convincing evidence sufficient to overcome the *prima facie* validity of the first service on April 7, 2022. Finally, if the first and second service attempts were not valid, the court would extend time for service as to make the third service on May 31, 2022, valid. Therefore, the court hereby **DENIES AS MOOT** Defendant Zermeno's Motion to Quash Service.

The parties shall appear before the court for a status hearing on August 4, 2022, at 10:00 a.m.

**IT IS SO ORDERED.**



/s/ Michael J. Bordallo
 U.S. Magistrate Judge
**Dated: Jun 30, 2022**